UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 15-10140-GAO

UNITED STATES OF AMERICA,

v.

PHILLIP WENTWORTH,
Defendant.

OPINION AND ORDER
August 10, 2023

O'TOOLE, D.J.

The defendant, Phillip Wentworth, was convicted of wire fraud in 2015. As part of his sentence, he was ordered to pay $169,167.66 in restitution. Invoking 18 U.S.C. § 3664(k) and 18 U.S.C. § 3583(e)(2), he has moved for an order adjusting the amount of his restitution from $169,167.66 to $84,583.83.

Pursuant to the Mandatory Victims Restitution Act, restitution orders may be modified under the specific circumstances outlined in 18 U.S.C. § 3664(o). See United States v. Harvey, 20 F.4th 71, 75–76 (1st Cir. 2021). That subsection provides:

> A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that--
> (1) such a sentence can subsequently be--
>    (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
>    (B) appealed and modified under section 3742;
>    (C) amended under subsection (d)(5); or
>    (D) adjusted under section 3664(k), 3572, or 3613A; or
> (2) the defendant may be resentenced under section 3565 or 3614.

18 U.S.C. § 3664(o).

Of these limited circumstances, Wentworth argues that sections 3664(o)(1)(D) and 3664(k) support his request to modify the restitution order.

Section 3664(k) grants courts the power to "adjust the payment schedule, or require immediate payment in full, as the interests of justice require" when there has been a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." This section authorizes only an adjustment of the payment schedule, not the amount of restitution ordered. United States v. Pedreira, No. 2:06-CR-00011-JDL, 2017 WL 5629535, at *2 (D. Me. Nov. 22, 2017), report and recommendation adopted, No. 2:06-CR-11-JDL, 2017 WL 6540031 (D. Me. Dec. 20, 2017); United States v. Pelletier, No. 1:06-CR-00058-JAW-01, 2017 WL 5162800, at *9 (D. Me. Nov. 7, 2017). The defendant requests a substantial reduction of the restitution amount, not an adjustment of his payment schedule. Section 3664(k) does not apply. See Pedreira, 2017 WL 5629535, at *2; Pelletier, 2017 WL 5162800, at *9.

Even if the defendant were moving to adjust his payment schedule, section 3664(k) requires a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k). The defendant, however, has stated no claims of newfound economic hardship and instead offers another lump sum payment of over $30,000. Section 3664(k) does not provide a method to modify the amount of the defendant's ordered restitution.

Although mentioned for the first time in the defendant's reply brief,[1] section 3583 discusses terms of supervised release after imprisonment. In particular, section 3583(e)(2) provides that courts may "modify, reduce, or enlarge the conditions of supervised release." A restitution order

---

[1] "Where, as here, a moving party raises an argument for the first time in a reply, that argument is waived." Massachusetts ex rel. Powell v. Holmes, 546 F. Supp. 3d 58, 80 n.9 (D. Mass. 2021).

2

is a separate criminal penalty with its own rule of modification: section 3664(o). <u>Harvey</u>, 20 F.4th at 76–77 (citing with approval <u>United States v. Puentes</u>, 803 F.3d 597, 599 (11th Cir. 2015) ("18 U.S.C. § 3664(o)[ ] provides an exhaustive list of the ways in which a mandatory restitution order can be modified.")). The statute granting courts the power to modify conditions of supervised release does not extend to restitution orders. <u>Id.</u> The defendant's request for relief under section 3583(e)(2) is without merit.

Throughout both his motion and his reply brief, the defendant argues that his lesser role in the crime compared to his alleged co-conspirator should lead to the modification of his restitution amount. A failure to apportion liability in accordance with relative culpability is not only not a reason to modify restitution under section 3664(o), but it is also not required when initially ordering restitution. <u>United States v. Salas-Fernandez</u>, 620 F.3d 45, 48–49 (1st Cir. 2010).

The defendant's Motion to Adjust and Apportion the Restitution Obligation Imposed by the Judgment of August 11, 2016 (dkt. no. 35) is therefore DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

3